UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>MARCO HALL,<br><br>              Defendant. | Case No.:  20cr867-CAB<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO FIRST STEP ACT, 18 U.S.C. SECTION 3582(c)(1)(A)(i)**<br>**[DOC. NO. 430, 445]** |

On February 26, 2024, Defendant Marco Hall ("Defendant" or "Hall") filed a *pro se* motion for sentence compassionate release asserting that his rehabilitation and participation in the Federal Bureau of Prisons Gang Drop-out Program provide extraordinary and compelling reasons pursuant to 18 U.S.C § 3582(c)(1)(A)(i). [Doc. No. 430.] On March 18, 2024, the United States filed an opposition. [Doc. No. 432.] Defendant Hall then requested appointment of counsel, which the Court granted by appointing Federal Defenders. [Doc. No. 434, 437.]

On August 15, 2024, Federal Defenders filed a supplemental motion for reduction of sentence on behalf of Hall. [Doc. No. 442, 445.] On August 29, 2024, the United States filed an opposition to the supplemental motion. [Doc. No. 446.]  On October 1, 2024, Federal Defenders filed a reply. [Doc. No. 449, 452, 455.] For the reasons set forth below, the motion for sentence reduction is **DENIED**.

1

## BACKGROUND

Defendant was sentenced on September 21, 2022, for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. [Doc. No. 414.] In calculating Defendant's guidelines at sentencing, Defendant started at a base offense level of 32 (335 grams of methamphetamine (actual)). [Doc. No. 213.] Defendant received a 3-point downward adjustment for acceptance of responsibility. His total offense level was therefore 29. [Doc. No. 382.]

Defendant's Criminal History Score was 16. He was under a criminal justice sentence at the time of his offense and received 2 status points added to his Criminal History Score, resulting in a score of 18 and placing him in Criminal History Category VI.[1] [Doc. No. 213.] His resulting guideline range was 151 to 188 months.

After considering § 3553(a) factors and departures, the Court sentenced Defendant to 110 months of custody. [Doc. No. 414.]

## DISCUSSION

In his initial motion, Defendant moves for a sentence reduction pursuant to 18 U.S.C § 3582(c)(1)(A)(i), on the basis that his rehabilitation evidenced by education programs he has completed and his participation in the Bureau of Prisons Gang Drop-out Programs constitute extraordinary and compelling reasons for a sentence reduction or compassionate release. In the supplemental motion, Defendant also argues that his medical condition, as well as his significant rehabilitation, family support, and strong release plan support a finding of extraordinary and compelling circumstances. Finally, for the first time in his reply, Defendant raises an additional ground for his sentence reduction request, based on his family circumstances.

---

[1] The Court notes that the retroactive amendments to the Guidelines regarding reduction of status points, applied to this defendant, reduces his Criminal History Score from 18 to 17. This has no impact, however, on his Criminal History Category VI and his resulting guideline range of 151 to 188 months.

If the exhaustion requirement is met[2], a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. §3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or., April 6, 2020.)

Under the most recent U.S. Sentencing Guidelines amendment, "extraordinary and compelling reasons" include (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was a victim of abuse while serving his term of imprisonment; and (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above warrant compassionate release." U.S.S.G. 1B1.13(b).

The court need not "provide a lengthy explanation" for its decision on compassionate release so long as "context and the record reflect that [it] considered the defendant's substantive arguments and offered a reasoned basis" for its decision. *United States v. Wright,* 46 F.4th 938, 950 (9th Cir. 2022)(citations omitted). Ultimately, the decision to grant or deny compassionate release is within the district court's discretion, but the defendant bears the burden of establishing his eligibility for compassionate release. *Id.* at 951; *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

A. Medical Condition.

Defendant has provided documentation regarding his physical and mental health. While the records reflect that Defendant is on medication and/or under medical care for mood disorder, Defendant has not identified "extraordinary and compelling reasons" to

---

[2] It appears that Defendant has met the exhaustion requirement. [Doc. Nos. 445 at 10 – 12; Doc. No. 452 at 7.]

justify a sentence reduction, as Defendant does not have "a serious physical or medical condition" within the meaning of the Sentencing Commission's policy statement. U.S.S.G. §1.B1.13, cmt.n.1(A).  *See United States v. Cancino*, 669 F.Supp.3d 715 (N.D. Ill. 2023)(Defendant's chronic medical condition including Type 2 diabetes, high blood pressure, chronic kidney disease, vision impairment, and symptoms related to past COVID-19 infections did not rise to the level of extraordinary and compelling reasons required for compassionate release, absent evidence that these conditions could not be managed in prison environment.)  Here, records show that Defendant is on medication and/or medical care for mood disorder, hyperlipidemia, unspecified visual disturbance, and atherosclerosis.  He also has a history of seizures that appears to be in remission, and other medical conditions that have been resolved through BOP treatment.  Overall, it appears that Defendant's medical conditions can be adequately managed in the prison environment.

   B. Family Circumstances.

   Defendant argues, for the first time in the reply, that state court dependency proceedings involving his 16-year-old daughter have been initiated and warrant his immediate release so that he can keep his parental rights intact and care for his daughter. [Doc. No. 452 at 8-21.]  However, Defendant fails to show that there are no other caregivers available for his daughter.  For example, there is a family friend, Adrian Miceli, who has been granted custody of A.H. and appears willing to continue with her care.  Also, it is unclear why A.H. could not live with Defendant's father, with whom Defendant's other adult daughter resides, or with Defendant's sister.  Finally, there is no explanation for why Defendant's adult son, who lives in Washington, is also not a potential caregiver for Defendant's daughter.  Because it is easy to simply allege the absence of other potential caregivers, Defendant must make "a robust evidentiary showing that defendant is the only available caregiver." *United States v. Bragg*, No. 12CR3617-CAB (S.D. Cal. February 19, 2021) (Dkt. No. 90) (internal quotations omitted); *see United States v. Moalin*, 10CR4246-JM (S.D. Cal. August 4, 2021) (Dkt. No. 553) ("Mr. Moalin has failed to make a robust evidentiary showing that [he] is the

only available caregiver" [internal quotations omitted]); *see also United States v. Richardson*, No. 18CR507, 2020 WL 2200853 at *2 (E.D.N.C. May 6, 2020) ("Although defendant alleges his mother can no longer care for his daughter due to her medical issues, there is no evidence submitted directly from defendant's mother or other records supporting these assertions. Defendant also fails to explain why he is the only available caregiver for his child in these circumstances").  Here, Defendant has simply failed to make the required showing that he is the only available caregiver for his daughter.

C. Rehabilitation/Gang Dropout Status.

Defendant argues that he has completed a gang drop-out program and, as a result, experiences dangerous and harsh conditions of confinement, which constitute extraordinary and compelling reasons for a sentence reduction. First, it is not clear that Hall has completed the program.  However, even if he has, that does not necessarily establish a basis for a sentence reduction.  While one court found completion of a gang drop-out program to constitute extraordinary and compelling circumstances justifying compassionate release, that court also found the Section 3553(a) factors weighed in favor of a sentence reduction. *United States v. Beres*, 2023 WL 8809320 (D. Mont. Dec. 20, 2023). As discussed below, here the Section 3553(a) factors do not weigh in favor of sentence reduction.

Defendant also argues that he has completed many rehabilitation programs in prison and that this supports a finding of extraordinary and compelling circumstances.  It does appear that Defendant's post-conviction rehabilitation has been commendable, as he has completed various educational courses while in custody and has not been disciplined for several years. However, the Guidelines specifically state that rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason. USSG § 1B1.13(d). Instead, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

Here, even if Hall has rehabilitated greatly, the remaining facts do not help establish the high bar required to be met for a reduction in sentence. Specifically, though he has some health concerns, he does not appear to have a serious health condition which limits his ability to care for himself in prison. Also, he has not shown that he has extraordinary or compelling family circumstances, he has not been a victim of abuse while incarcerated, and he is not 65 years or older. USSG § 1B1.13(b). Thus, Hall has not met the heavy burden of demonstrating "extraordinary and compelling reasons" for a sentence reduction.

D. Section 3553(a) Factors.

In addition, when deciding whether a sentence reduction is warranted, this Court must consider the factors listed in 18 U.S.C. § 3553(a), such as: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). These factors also weigh against a sentence modification. First, courts in this District have recognized that even when "extraordinary and compelling reasons" are present, the § 3553(a) factors do not support a sentence reduction when the defendant has not served a meaningful portion of the sentence ordered by the Court. *See, e.g., United States v. Ortiz*, No. 18cr2063-BAS (S.D. Cal. September 11, 2020) [Doc. No. 63] (Lompoc inmate convicted of drug offense had Type 2 diabetes, obesity, and hypertension; but to grant release after just 15 months of 77-month sentence "would create unwarranted disparities with other defendants with similar criminal backgrounds" and defendant already "received a substantial downward departure"). Because Defendant has only served approximately 51 months of his 110-month sentence, the § 3553(a) factors weigh against granting compassionate release.

The nature and circumstances of this particular offense also do not support release. As noted above, Defendant committed the serious offense of drug trafficking. A drug trafficker is, by definition, a danger to the community." *United States v. Ailemen*, 165 F.R.D. 571, 596 (N.D. Cal. 1996). And, in addition to Defendant's lengthy criminal history,

the instant offense involved drugs and a gun, which not only demonstrated Defendant's lack of deterrence but also the danger he continued to pose to society. *See United States v. Littleton*, 2020 WL 5525215, at *3 (E.D. Mich. Sept. 15, 2020)("Drug dealing and guns are a dangerous combination.") The serious nature of Defendant's conduct warranted a 110-month sentence. Accordingly, the Section 3553(a) factors also weigh against a sentence modification.[3]

## CONCLUSION

For the reasons set forth above, the motion to reduce sentence pursuant to 18 U.S.C. section 3582(c)(1)(A)(i) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 22, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[3] Defendant misconstrues the Court's comment at sentencing regarding the possibility for future sentence reduction as a suggestion the Court would invite reconsideration of 3553(a) factors. [Doc. No. 441 at 20.] The reference was to the earlier assessment of the limited relief the Court had from the mandatory minimum and the possibility the defendant could receive a future reduction based on the government bringing a motion pursuant to Fed. R. Crim. P. 35(b), which it has not. [*Id.*, at 7-8.]